

**U.S. Department of Justice**

*United States Attorney*

*District of Massachusetts*

*Main Reception: (617) 748-3100*

*United States Courthouse, Suite 9200*
*1 Courthouse Way*
*Boston, Massachusetts 02210*

March 14, 2004

Elliot Weinstein
228 Lewis Wharf
Boston, MA 02110

      Re:   <u>United States v. Harrington Colon</u>
           Criminal No. 05-10043-DPW

Dear Mr. Weinstein:

    Pursuant to Rule 116.1 of the Local Rules of the United States District Court for the District of Massachusetts, the government hereby provides you with the following automatic discovery in the above-referenced case:

A.   <u>Rule 16 Materials</u>

1.   <u>Statements of Defendant under Rule 16(a)(1)(A)</u>

    a.   <u>Written Statements</u>

    There are no relevant written statements of the defendant Harrington Colon, a/k/a "Javi" (hereinafter referred to as "the defendant") in the possession, custody, or control of the government.

    b.   <u>Recorded Statements</u>

    Consensual tape-recordings were made of personal meetings and telephone conversations involving the defendants in this case and the undercover agent ("the UC") as is indicated in the index attached as Exhibit 1. All audio and video tapes are available for your review in the office of the undersigned. A copy of the tapes is also being prepared and will be forwarded to The Duplicating Center, 42 Chauncy Street, Suite 3A, Boston, MA 02111, telephone number 617-728-0000. A copy of the audiotapes will also be sent to the institution at which the defendant is being held in accordance with LR 116.4.

    No transcripts of these conversations and meetings have been prepared at this time. If they are, they will be provided to you

in accordance with the Local Rules.

   c.   <u>Grand Jury Testimony of the defendant</u>

   The defendant did not testify before the grand jury. Nor am I aware of any other statements made by him to law enforcement agents other than answers to the standard booking questions that would have been posed to him after his arrest or as may be referenced in the reports produced in this action. If I become aware of any such additional statements, I will advise you at once.

   There was, however, grand jury testimony in this case. A copy of the grand jury testimony of S/A Jeff Wood dated February 24, 2005 is attached as Exhibit 2.

   d.   <u>Oral Statements to then Known Government Agents</u>

   Other than booking statements referenced in the preceding paragraph and other statements that may be referenced in the reports produced in this matter (including without limitation the statements made to the State Troopers who made the traffic stop referred to in the report of 10-12-04), I am presently unaware of any oral statements made by the defendant before or after arrest, in response to interrogation by a person then known by the defendant to be a government agent, which the government intends to use at trial. If I become aware of any further such statements, I will advise you at once.

2.   <u>Defendant's Prior Record under Rule 16(a)(1)(B)</u>

   I understand that you received a copy of prior criminal record of the defendant from Pretrial Services. Please contact me if you need a duplicate copy.

3.   <u>Documents and Tangible Objects under Rule 16(a)(1)(C)</u>

   All books, papers, documents and tangible items that the are within the possession, custody, and control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial of this matter, or were obtained from or belong to the defendant may be examined by contacting the undersigned Assistant United States Attorney and making an appointment to view the same at a mutually convenient time.

4.   Reports of Examinations and Tests under Rule 16(a)(1)(D)

Copies of the DEA-7 laboratory reports received to date relating to the drugs purchased from the defendants in this case have been produced. Any additional laboratory reports received after the date of this letter will be forwarded to you.

Should we be unable to reach a stipulation as to the results of the examination of the drugs seized in this case, the government plans to offer expert testimony concerning the results of the laboratory analysis of the drug exhibits by the chemists who analyzed the samples and determined that they were specified amounts of cocaine base or cocaine.

In addition, the government expects to offer testimony from the case agent or another qualified law enforcement agent who has inspected those drug exhibits the government alleges to be cocaine base and who will testify that, based on the appearance, texture, color and odor of those exhibits, they are the particular form of cocaine base known as "crack cocaine." The basis for this expert testimony is more fully set forth in the grand jury testimony of Special Agent Wood produced in this matter.

B.   Search Materials under Local Rule 116.1(C)(1)(b)

A search of was conducted of property located at 5 Maple Street, Apt. 9, Haverhill, MA pursuant to a state search warrant. Copies of the application, supporting affidavit and the return for this search were included as part of discovery provided to you at the detention/probable cause hearing (Bates Numbered documents 1-56). A copy of the Search Warrant is attached as Exhibit 3.

Any items seized during the search of 5 Maple Street or seized from the defendant at the time of his arrest may be examined by appointment in accordance with paragraph 3, above and a copy of any agency reports describing any inventory search will be provided to you upon receipt by this office.

Except as described herein and is referred to in the case reports produced to date, the government is not in possession of reports related to the seizures of evidence in this case that it presently anticipates offering in its case-in-chief beyond those items otherwise described in this letter.

C.    <u>Electronic Surveillance under Local Rule 116.1(C)(1)(c)</u>

No oral, wire or electronic communications of your client were intercepted by the government in connection with this case pursuant to 18 U.S.C. §§ 2510-2518.

D.    <u>Consensual Interceptions under Local Rule 116.1(C)(1)(d)</u>

As discussed above, this case involved the use of consensual monitored meetings and conversations that were recorded. Although statements made by the defendants were referenced in reports already produced, no formal transcripts of these tapes (either draft or final) are presently available.

Any such transcripts that are prepared will be made available to you in accordance with Local Rule 116.4(B). Although not required by Local Rule 116.1(C)(1)(d)(i), the government has also produced FBI-302 and other reports relating to these consensual recordings and other contacts with the defendants concerning the offenses described in the Indictment. These reports were also included in the documents previously produced and identified as Bates Number documents 1-56.

E.    <u>Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)</u>

REDACTED
_____

F.   Identifications under Local Rule 116.1(C)(1)(f)

There were several kinds of identification procedures used in the course of this investigation by witnesses who the government anticipates calling as witnesses in its case-in-chief. In addition to identifications made by surveillance agents who were personally familiar with targets of the investigation, agents working on the investigation periodically reviewed videos of controlled purchases. All such procedures of which I am aware are described in the police reports previously produced. All videos taken in this case will be made available in accordance with the procedures described in this letter.

On October 6, 2004, the undercover agent in this case was shown a photograph of an individual named JAY TAVERAS, who agents working on this case believed was using the alias "JAY STILES." The UC was unable to identify the photograph of TAVERAS as the individual from whom the UC purchased drugs earlier that day. On October 12, 2004, the UC reviewed a video taken by a State Police Cruiser of a stop in which the occupants of a blue Crown Victoria bearing MA Reg 44XR02 identified themselves as the HARRINGTON COLON, PEDRO SANTOS, and ISSAC LOPEZ/FERRARA. The UC reviewed the tape and identified the individual who identified himself as HARRINGTON COLON as the person who sold the UC drugs on 10-5-04, 10-6-04, and 10-12-04. The UC also identified PEDRO SANTOS as the person that HARRINGTON COLON had identified as "one of his bosses" during the transaction on 10-12-04.

G.   Exculpatory Evidence under Local Rule 116.2

With respect to the government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(A), the government states as follows:

1.   Other than as may be set forth herein or as is described in the reports produced to date, the government is aware of no evidence that would tend directly to negate the defendants' guilt concerning any count in the Indictment.

2.   Other than as may be set forth herein or as is described in the reports produced to date, the government is aware of no information that would cast doubt on the admissibility of evidence that the government anticipates offering as part of its case-in-chief and that could be subject to a motion to suppress or exclude.

3.   No promises, rewards, or inducements have been given to any witness whom the government presently anticipates calling as

5

part of its case-in-chief.

4. The government is unaware that any of its presently anticipated case-in chief-witnesses has any criminal record or criminal cases pending.

5. As set forth above, an individual named KELLY CLARK was shown photo arrays including pictures of HARRINGTON COLON and PEDRO SANTOS after agents saw her meeting with SANTOS (who CLARK knew as "MARIO"). CLARK was unable to make a positive identification of either COLON or SANTOS from the array. Materials regarding this identification procedure have been produced.

H.   Other Matters

The government recognizes that its duty of disclosure and discovery as set forth in Local Rule 116 and Rule 16 of the Federal Rules of Criminal Procedure is a continuing one. In addition, please consider this letter to be a request for reciprocal discovery pursuant to Local Rule 116.1(D) and Fed. R. Crim. P. 16(b). I request that you provide a written response to my request for reciprocal discovery within 10 days of receipt of this letter.

I also advise you that certain pen register orders were obtained from the District Court in the course of this investigation. Although such orders do not constitute Electronic Surveillance under Local Rule 116.1(C)(1)(c), copies of the orders and any information derived pursuant thereto regarding the use of the underlying telephones can be inspected in accordance with the provisions of paragraph 3, above.

I.   Request for Alibi Information

According to the government's evidence, meetings and/or conversations took place with the defendants identified below on the following dates and times:

| Date    | Time (apprx) | Location                          | Participating def's. |
|---------|--------------|-----------------------------------|----------------------|
| 10-5-04 | 8:06pm       | Lawrence General Hospital ("LGH") | COLON                |
| 10-6-04 | 8:50pm       | LGH                               | COLON                |
| 10-6-04 | 6:01pm       | LGH Catalanios Pizza              | COLON SANTOS         |

| Date | Time | Location | Names |
|---|---|---|---|
| 11-8-04 | 3:22pm | Mobil Gas Station Rte 110 Haverhill | COLON SANTOS |
| 11-8-04 | 4:11pm | Grant Street Haverhill | COLON SANTOS |
| 11-21-04 | 5:22pm | 5 Maple Street Haverhill | COLON SANTOS |
| 11-21-04 | 5:38pm | LGH | COLON |
| 11-30-04 | 2:47pm | 5 Maple Street Haverhill | COLON |
| 11-30-04 | 2:51pm | 5 Maple Street Haverhill | SANTOS |
| 11-30-04 | 3:06pm | Dunkin Donuts Exit 51 Rt 495 | COLON SANTOS |
| 12-14-04 | 3:50pm | LGH | COLON |
| 12-22-04 | 1:30pm | Ruby Tuesdays Exit 38 on Rte 495 Tewksbury, MA | COLON SANTOS |
| 12-30-04 | 2:40pm | LGH | COLON SANTOS |
| 1-31-05 | 5:05pm | LGH | COLON |
| 1-31-05 | 5:19pm | Tripoli Bakery Lawrence, MA | COLON SANTOS |

Pursuant to Fed. R. Crim. P. 12.1, the government hereby requests notice of any intention to offer an alibi defense to the charged offenses or any of the above-captioned meetings or conversations.

If you have any questions about any of this information or wish to discuss this case, please call us at (617) 748-3100.

                                  Very truly yours,

                                  MICHAEL J. SULLIVAN
                                  United States Attorney

                   By: _____
                           JOHN A. WORTMANN, JR.
                           Assistant U.S. Attorney

enclosures

cc:  Tom Quinn, Courtroom Clerk to
     U.S. Magistrate Judge Judith Dein
     (with information regarding co-conspirators redacted)