
MANDATE

# United States Court of Appeals
## For the First Circuit

---

No. 07-1495

UNITED STATES,

Appellee,

v.

HARRINGTON COLON, a/k/a Javi,

Defendant, Appellant.

---

Before

Lipez, <u>Circuit Judge</u>,
Selya, <u>Senior Circuit Judge</u>,
and Howard, <u>Circuit Judge</u>.

---

JUDGMENT

Entered:  July 2, 2008

   After pleading guilty to various drug offenses, defendant was sentenced to the mandatory minimum of 20 years, under 21 U.S.C. § 841(b), based on the amounts of drugs involved and his prior convictions for felony drug offenses.  On appeal, defendant does not dispute the drug amounts, the prior convictions, or the resulting applicability of the statutory minimum.  Rather, he argues that the court had the authority to sentence him below the statutory minimum either as a matter of statutory construction or as a matter of equity and abused its discretion in failing to do so.  Because those arguments were not raised below, they are

reviewable, at most, only for plain error.[1] Ziskind, 471 F.3d at 269. And, under that demanding standard, those arguments cannot succeed.

Defendant's statutory construction argument is, in essence, that, after United States v. Booker, 543 U.S. 220 (2005), the statutory minimums set forth in 21 U.S.C. § 841(b) can no longer be construed as mandatory because they are trumped by the requirement of 18 U.S.C. § 3553(a) that the court "shall" impose a sentence which is "not greater than necessary" to serve the purposes of sentencing enumerated there. At least one circuit has rejected a similar argument. United States v. Roberson, 474 F.3d 432, 436 (7th Cir. 2007) (holding that, despite Booker, section 3553(a) "cannot be understood to authorize courts to sentence below minimums specifically prescribed by Congress"). We follow suit.

Adopting such an interpretation would render superfluous the express statutory grounds for sentencing below the statutory mandatory minimum in certain limited circumstances, 18 U.S.C. §§ 3553(e) (substantial assistance), 3553(f) (safety valve), and would conflict with our strict interpretation of those exceptions even after Booker, see, e.g., United States v. Hunt, 503 F.3d 34, 38-39 (1st Cir. 2007), and with our more general pronouncements that Booker has no effect on statutory mandatory minumum sentences, see, e.g., United States v. Bravo, 489 F.3d 1, 13 (1st Cir.), cert. denied, 128 S. Ct. 344 (2007); see also Kimbrough v. United States, 128 S. Ct. 558, 574 (2008) (dicta) (noting that, despite Booker, "district courts are constrained by the mandatory minimums Congress prescribed"). Accordingly, the district court's conclusion that it had no authority to sentence defendant below the statutory mandatory minimum cannot be deemed a plainly erroneous interpretation of the applicable statutes.

Nor is it plainly erroneous to conclude that the district court had no equitable authority to sentence defendant below the statutory minimum. The only cases defendant cites on that point identify the possibility of sentencing below the statutory minimum as an equitable remedy in "extreme and unusual" cases of "sentencing factor manipulation," United States v. Fontes, 415 F.3d 174, 180 (1st Cir. 2005), which is not even alleged here. The equitable ground claimed here, disparity with another defendant's sentence, is no basis for sentencing below the statutory minimum. United States v. Hoosier, 442 F.3d 939, 946 (6th Cir. 2006). Indeed, while such disparity may be relevant in determining the

---

[1] We say "at most" because defendant arguably waived these arguments entirely by asking for the mandatory minimum at sentencing. United States v. Ziskind, 471 F.3d 266, 269 (1st Cir. 2006), cert. denied, 127 S. Ct. 1902 (2007).

appropriate length of a defendant's sentence between the applicable statutory maximum and minimum, United States v. Martin, 520 F.3d 87, 94 (1st Cir. 2008) (citing Gall v. United States, 128 S. Ct. 586, 599 (2007)), the fact that one defendant is subject to a mandatory minimum while another is not renders a longer sentence for the former defendant not "unwarranted" within the meaning of 18 U.S.C. § 3553(a)(6).

   The government's motion for summary disposition is granted, and the district court's judgment is affirmed. See 1st Cir. R. 27.0(c).

.... and Issued as Mandate    By the Court:
 der Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk    /s/ Richard Cushing Donovan, Clerk

_____
Deputy Clerk

Date:

[cc: Dina Chaitowitz, Todd Bussert, Peter Levitt, Jennifer Zacks, Sharron Kearney]