UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| | ) | CRIMINAL NO. |
| v. | ) | 05-10043-DPW |
| | ) | |
| HARRINGTON COLON, | ) | CIVIL ACTION NO. |
| | ) | 12-11039-DPW |
| Defendant/Petitioner. | ) | |

MEMORANDUM & ORDER
March 31, 2016

The petitioner in this proceeding under 28 U.S.C. § 2255 was sentenced as a career criminal after pleading guilty.  His conviction was summarily affirmed on appeal.  He seeks to vacate his sentence on two grounds not raised at sentencing or on appeal.  First, he contends *pro se*, that the sentence was imposed for a drug type that was not adequately established by his plea.[1] Second, he contended *pro se*,[2] and thereafter through counsel,[3] that he was improperly sentenced as a career criminal, since that sentencing status was based on a state criminal drug sentence voidable because procured through misconduct by a state chemist.  I find these contentions unsupported and will deny petitioner's motions.

---

[1] This so-called *DePierre* claim was raised in petitioner's initial *pro se* motion under 28 U.S.C. § 2255 as Docket No. 126.

[2] This claim was raised as Ground B of the initial *pro se* § 2255 motion through petitioner's *pro se* motion [Dkt. No. 127] to amend.

[3] Upon petitioner's motion [Dkt. No. 143] to appoint counsel, appointed counsel filed a separate motion [Dkt. No. 150] to vacate under § 2255.  The second motion, while pressing petitioner's Ground B state chemist misconduct, did not press his *DePierre* claim.

Although the petitioner says he has gained some benefit from *DePierre* v. *United States,* 564 U.S. 70 (2011), the case is of no assistance to him.  *Cf. United States* v. *Laureano*-Perez, 797 F.3d 45, 61 (1st Cir. 2015) (defendant "badly misreads *DePierre* .  .  . the Supreme Court expanded the meaning of cocaine base.")  There was no error, plain or otherwise, in the attribution of drug type or quantity in the counts of conviction.

As to the state conviction which was a predicate for petitioner's career criminal status, no evidentiary basis regarding misconduct has been adduced despite the passage of substantial time.  There is consequently no grounds for finding the underlying state conviction voidable, much less voided.

Accordingly, the petitioner's several motions to correct his sentence are DENIED.


**/s/ Douglas P. Woodlock**
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE